18-2502
Huang v. Barr

BIA
A087 786 582

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand twenty.

PRESENT:
>    ROSEMARY S. POOLER,
>    JOSEPH F. BIANCO,
>    WILLIAM J. NARDINI,
>        *Circuit Judges.*

_____

ZHE LONG HUANG,
>    *Petitioner,*

>    v.                                          18-2502
>                                                 NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:          Erin O'Neil-Baker, Hartford
                         Legal Group, LLC, Hartford, CT.

FOR RESPONDENT:          Joseph H. Hunt, Assistant
                         Attorney General; Bernard A.
                         Joseph, Senior Litigation Counsel;
                         Anthony O. Pottinger, Trial
                         Attorney, Office of Immigration
                         Litigation, United States

Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhe Long Huang, a native and citizen of the People's Republic of China, seeks review of an August 3, 2018 decision of the BIA, denying his motion to reopen his removal proceeding. *In re Zhe Long Huang,* No. A087 786 582 (B.I.A. Aug. 3, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Huang asserted that conditions for Christians, ethnic Koreans, and dissidents had worsened in China, thereby excusing the untimely filing of his motion and demonstrating his *prima facie* eligibility for asylum.

It is undisputed that Huang's 2018 motion to reopen was untimely filed more than six years after his removal order became final in 2011. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)

2

("[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."); 8 C.F.R. § 1003.2(c)(2) (same). However, the time limitation does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). The BIA did not err in finding that Huang failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, Huang's evidence demonstrated that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups to varying degrees depending on the region since before Huang's 2010 hearing. Huang's evidence also did not establish changed conditions for ethnic

3

Koreans in China but instead discusses the Chinese government's consistent policy of detaining and returning North Korean refugees. Finally, Huang's evidence showed that the Chinese government has criminalized unlawful border crossings and monitored and detained dissidents since before his hearing, and he did not establish that the Chinese government perceives or would perceive him to be a dissident.

Accordingly, because Huang did not establish a material change in country conditions, the BIA did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). We do not reach the BIA's alternative basis for denying Huang's motion—namely, his failure to establish his *prima facie* eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4